*207 OPINION.
Teussbll:
The petitioner contends that the sum of the credit balances remaining in the stockholders’ surplus account and being *208 $110,999.93 on January 1, 1918, and $41,396.68 on January 1, 1919, were earned surplus and undivided profits which should be included in invested capital for the said year respectively, and petitioner’s counsel have argued that the rule of law enunciated by the Circuit Court of Appeals in Eaton v. English & Mersick Co., 7 Fed. (2d) 54, applies to the facts of this case.
In the English & Mersick case, supra, the court had before it t> corporation which carried its surplus and undivided profits in personal stockholders’ accounts from which such stockholders made withdrawals relatively in proportion to their stock ownership and allowed large balances to accumulate from year to year which the court held were true surplus and undivided profits. In the instant case, similar personal stockholders’ accounts for corporate profits constitute a part of the petitioner’s accounting system. There appears to have been no corporate resolution authorizing these accounts as they existed during the taxable year and there is equal lack of any recorded action respecting withdrawals therefrom. And, therefore, in our interpretation of the facts contained in the instant case, we must rely wholly upon the actions of the corporation and its stockholders. Here, we find corporate profits credited to stockholders’ accounts, that one stockholder allows his account to accumulate into a large credit balance, while another stockholder, having the same stock ownership, draws his account down to small balances and sometimes his account shows an overdraft. From these facts we must conclude that all the funds credited to these accounts were subject to withdrawal it any time any stockholder chose to make a withdrawal and, further, the corporation itself appears to have recognized that the credit balances in these accounts did not belong to it when it authorized and paid interest upon such credit balances and claimed that interest as a deduction from gross income. The stockholder having the large credit balance reported the amount of corporate profits annually credited to his account in his individual income-tax return as dividend income subject to surtax only and testified that he believed the other stockholders did the same, all of which indicates that both the corporation and the stockholders regarded the credit balances in these accounts as the property of the stockholders. There is nothing in the record of this case which could lead us to conclude that the stockholders’ withdrawals from their accounts were in the nature of loans from the corporation to the stockholder, and, if not loans, they must have been dividends. Compare Chattanooga Savings Bank v. Brewer, 9 Fed. (2d) 982, affirmed by the Circuit Court of Appeals, 17 Fed. (2d) 79. If the above conclusions are warranted by the facts, the instant case differs substantially from the English & Mersick case, supra,, and we are, therefore, constrained to hold that the credit bal- *209 anees claimed by the petitioner as surplus and undivided profits during the years 1918 and 1919 were not of such a character that they could be included in invested capital as earned surplus. Cf. Kelly-Buckley Co., 1 B.T. A. 1154; Wm. H. Davidow Sons Co., 1 B. T. A. 1215.
During the years 1918 and 1919 the petitioner has been allowed a deduction from gross income on account of the exhaustion, wear and ■ tear of furniture and fixtures computed at the rate of 10 per cent upon the diminishing balances in the furniture and fixtures account. We are of the opinion that the deduction for exhaustion, wear and tear of petitioner’s furniture and fixtures on the above basis has furnished a reasonable allowance for the exhaustion, wear and tear of the properties referred to.
Having taken the view as above set forth, we find that the petitioner’s invested capital for the year 1919 has been properly computed in so far as it is affected by the asserted tax liability for the year 1918, and that the deficiency for the year 1919 is $2,231.03.

Judgment will be entered accordingly.